UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECIL HAWKINS,

        Plaintiff,        Case No. 1:10-cv-432

v.        Honorable Paul L. Maloney

NANETTA NORWOOD et al.,

        Defendants.
_____/

## ORDER DENYING TEMPORARY RESTRAINING ORDER

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The matter presently is before the Court on Plaintiff's motion for temporary restraining order (docket #11.)

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Northeast Ohio Coalition for the Homeless*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed

with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington- Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff seeks a preliminary injunction barring the use of black-box restraints, suspending the collection of prisoner trust funds to pay toward Plaintiff's institutional debt, and barring his transfer to Ionia Maximum Correctional Facility (ICF). The Court previously has dismissed Plaintiff's claims concerning the withdrawal of funds from his prisoner trust account and his complaints regarding extreme restraints that occurred in 2006 and early 2007. It therefore is clear that Plaintiff cannot succeed on these claims.

Moreover, to the extent any of Plaintiff's claims are sufficient to state a claim, he cannot demonstrate any likelihood of irreparable harm on his remaining claims. Plaintiff no longer is housed at ICF and he alleges no facts suggesting that he is likely to be transferred to that facility. Further, he makes no allegations that he is at risk of being placed in black box restraints, a condition to which he was last subjected in 2007. He therefore fails to allege specific facts showing an

immediate, concrete and irreparable harm in the absence of an injunction. *See Overstreet*, 305 F.3d at 578. For both reasons:

**IT IS ORDERED** that Plaintiff's motion for temporary restraining order (docket #11) is **DENIED**.

Dated: August 25, 2010        /s/ Paul L. Maloney
                              Paul L. Maloney
                              Chief United States District Judge