UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CECIL HAWKINS, #205069,    )<br>          Plaintiff,    )<br>                    )<br>-v-    )<br>                    )<br>JEFF FERGUSON, et al.,    )<br>          Defendants.    )<br>_____ ) | No. 1:10-cv-432<br><br>HONORABLE PAUL L. MALONEY |

**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS
AND DISMISSING REMAINING MOTIONS AS MOOT**

In April 2010, state prisoner Cecil Hawkins filed a complaint in this court under 42 U.S.C. § 1983, alleging a number of violations of his civil rights by various defendants. In December 2010 and April 2011, Defendants filed motions for summary judgment. (ECF Nos. 43, 65.) On review of the parties' briefing, Magistrate Judge Scoville issued a Report and Recommendation that summary judgment be granted and that Mr. Hawkins's claims be dismissed. (ECF No. 68.) At Mr. Hawkins's request, Magistrate Judge Scoville granted an extension of time in which to file objections. (ECF No. 71.) Before the court today is Mr. Hawkins's timely objections to the Report and Recommendation. (ECF No. 72.)

**I.    STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)

(per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## II.  DISCUSSION

### Objection No. 1

Mr. Hawkins first objects that Magistrate Judge Scoville lacked power to issue unspecified orders in this matter, as he has not consented to a magistrate judge doing so under 28 U.S.C. § 636(c)(1). Because this objection does not relate to the R&R, it is not properly included in this set of objections. Regardless, this objection misunderstands the relation between section 636 subsections (b) and (c), however. Subsection (c)(1) allows a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter" with the consent of the parties. Subsection (b)(1), which applies to this case, allows the district court to designate a magistrate judge to hear matters regardless of the parties' consent, with district-court review of the magistrate judge's orders or recommendations. Though Mr. Hawkins complains of unspecified "clearly erroneous decisions," does not specify which of Magistrate Judge Scoville's orders were supposedly clearly erroneous; nor does he give the court any reason to believe that any of these orders were made in error. Because it has not "been shown that the magistrate judge's order[s] [are] clearly erroneous or contrary to law," *id.* § 636(b)(1)(A), Mr. Hawkins's objection is OVERRULED.

### Objection No. 2

Next, Mr. Hawkins objects that the magistrate judge erred by relying on this court's prior

holding that the statute of limitations bars certain of Mr. Hawkins's actual and potential[1] claims. Essentially, Mr. Hawkins argues that the statute of limitations should not apply because (1) his claims are subject to equitable tolling, and (2) defendants' actions constituted continuing violations. Mr. Hawkins fails to support either claim, however. He argues that he was prevented from asserting his claims earlier by "threats of retaliation" and by defendants' alleged excessive use of force as described in his complaint. But the mere threat of unspecified "retaliation" does not constitute "compelling equitable considerations" justifying equitable tolling. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Nor can Mr. Hawkins credibly claim that his delay in asserting his rights was caused by the same actions that allegedly violated those rights. *See id.* Mr. Hawkins's claim that defendants' actions constitute continuing violations is entirely unsupported, which is understandable, given that the time-barred claims related to his preliminary examination (which is long past), discrete acts of "excessive use of force," and the conditions in a correctional facility in which he is no longer housed. Neither claim therefore justifies Mr. Hawkins's objection, which is furthermore improperly raised in response to Magistrate Judge Scoville's R&R. This objection is therefore OVERRULED.

**Objection No. 3**

Third, Mr. Hawkins objects to this court's finding that his amended complaint did not relate back to his original complaint, filed April 26, 2010. Again, this is not an objection to the R&R itself and so is improperly raised here. This objection is OVERRULED.

---

[1] As Magistrate Judge Scoville noted, Mr. Hawkins has refused to state the specific date of the alleged assault which forms the basis for one of his claims.

**Objection No. 4**

Mr. Hawkins next objects that Magistrate Judge Scoville erred by finding that the amended complaint is not "verified" such that it can be considered as an affidavit in opposition to defendants' motions for summary judgment. He argues that under Local Rule 5.6(a), he was required to file his complaint "in the form specified by the court" and that the magistrate judge provided him a form lacking the necessary language for a verified complaint. Mr. Hawkins argues that the court may choose to treat an unverified complaint as a verified one. But even if this were true, he does not show that the magistrate judge erred by failing to do so. Mr. Hawkins admits that his complaint was unverified, and he does not claim that he ever mistakenly thought otherwise. There was no barrier to his filing an affidavit with any relevant factual allegations; indeed, Mr. Hawkins filed several actual affidavits in this case, which the magistrate judge duly considered in deciding defendants' motions. This objection is therefore OVERRULED.

**Objection No. 5**

Mr. Hawkins objects to the magistrate judge's failure to provide him with copies of various authorities cited in the R&D, including several unpublished opinions and other materials not available in the MDOC law library. This is in fact an objection to a separate order, ECF No. 71, and so is improperly included here. Further, Plaintiff cites no authority entitling him to copies of all cited materials not available in the prison library. This objection is therefore OVERRULED.

**Objection No. 6**

Mr. Hawkins objects to the magistrate judge's failure to mention, in his description of the standard of review applicable to motions for summary judgment, that Mr. Hawkins's *pro se*

pleadings are to be treated more leniently. He argues that this failure deprived him of his due process rights. A party does not have a life, liberty, or property right to a complete statement of the standard of review, however, and the mere failure to cite all of the provisions that Mr. Hawkins prefers was not error, let alone error of constitutional magnitude. Nor does Mr. Hawkins cite any particular instance where the magistrate judge failed to actually apply the proper standard of review, and without such a showing, his objection must be OVERRULED.

**Objection No. 7**

Next, Mr. Hawkins objects that the magistrate judge "failed to show in the [R&R] that he assumed the truth of Plaintiff's evidence and that he construed that evidence in a light most favorable to the Plaintiff." Mr. Hawkins fails to point to any specific instance where the magistrate judge supposedly erred, however. This objection is therefore too vague to merit review. An objection that fails to explain and cite the problematic portions of the R&R is not sufficiently specific to merit consideration. *See Neuman v. Rivers*, 125 F.3d 315, 322–23 (6th Cir. 1997). In any case, the potential error here would come from the magistrate judge failing to apply the correct standard, not by failing to convince Mr. Hawkins that he did so. Because Mr. Hawkins points to no error here, this objection is OVERRULED.

**Objection No. 8**

Mr. Hawkins next objects that Magistrate Judge Scoville erred by "engaged in several acts of burden-shifting . . . where the Defendant[s] failed to carry their initial burden of proving the absence of a disputed material fact . . . ." Again, however, Mr. Hawkins fails to identify these "several" errors. Because this objection fails to explain and cite the problematic portions of the R&R, it is too vague to merit consideration. *See Neuman v. Rivers*, 125 F.3d 315, 322–23 (6th Cir.

1997).  The objection is therefore OVERRULED.

**Objection No. 9**

Mr. Hawkins objects that the magistrate judge referred to the incorrect MDOC policy directive—the version of directive 03-02-130 that became effective March 5, 2007, rather than the version effective December 19, 2003—when deciding whether Mr. Hawkins had properly exhausted his administrative remedies regarding his claim for excessive use of force during his transport to and from his sentencing on April 30, 2007.  Apparently, the basis for this claim is Mr. Hawkins's assertion that this claim "began October 7, 2006 and continued through October 17, 2007."  While it is true that Mr. Hawkins's Count II refers to acts that occurred at various points during this time span, he does not show how the magistrate judge was wrong to look to the policy directive in effect at the time each of the alleged bad acts occurred.  Further, as the magistrate judge found, "Plaintiff did not file *any* grievance against Defendant Norwood based on the restraints she authorized for use during plaintiff's April 30, 2007 transportation to and from his sentencing hearing."[2]  R&R, ECF No. 68, at 13.  The magistrate judge's exhaustion finding therefore stands regardless of the policy directive in effect at the time.  For these reasons, this objection is OVERRULED.

**Objection No. 10**

Similarly, Mr. Hawkins objects that the magistrate judge should have referred to the MDOC policy directive 03-02-130 that became effective on December 19, 2003, rather than the version that became effective on July 9, 2007, when deciding whether Mr. Hawkins's remaining claims had been exhausted.  Again, Mr. Hawkins states only that his claims "began October 7, 2006 and continued

---

[2] The court had previously dismissed claims against Defendant Baker, the only other party named in this Count.

through October 17, 2007," leaving the court to assume that his argument is based on a claim that the policy directive in effect at the beginning of this period should apply. Again, however, Mr. Hawkins does not provide any support for such an argument. In any case, the magistrate judge's statement here does not appear to affect the recommended result. The only relevant grievance that Mr. Hawkins claims having filed was the "Step III" grievance filed February 1, 2007. That grievance cannot be said to have exhausted any of Plaintiff's claims that arose after that date, and as the magistrate judge correctly noted, the claims that arose before that date have been deemed barred by the statute of limitations. This grievance therefore could not have exhausted any of the claims still at issue in this case. This objection is therefore OVERRULED.

**Objection No. 11**

Next, Mr. Hawkins objects that the magistrate judge erred by "recharacteriz[ing] the facts to put a disparaging gloss on certain morally sensitive elements of Plaintiff's prison escape attempt." Mr. Hawkins argues that his co-defendant alone attacked a female corrections officer during the 2006 escape attempt and that neither defendant "subdued" the driver of the garbage truck that Mr. Hawkins then drove through the fence of the Muskegon Correctional Facility. This mischaracterizes the R&R, however. The magistrate judge specifically noted that "Plaintiff blames his co-defendant Jowske for spraying hot sauce in Officer Chambers' face and shoving her to the ground." Regardless, Mr. Hawkins does not dispute that he was convicted of assault on a prison employee, and these facts had no bearing on the ultimate recommended disposition of defendants' motions for summary judgment, in any case. This objection is OVERRULED.

**Objection No. 12**

Mr. Hawkins next objects that the magistrate judge "misstated the facts regarding Plaintiff's

criminal charges." It is not clear from his objection, but he appears to dislike the magistrate judge's failure to note that his charges of "assault on a prison employee" and "prisoner in possession of a weapon" were brought under an aiding-and-abetting theory. Because this fact is irrelevant to the magistrate judge's recommended disposition of this matter, this objection is OVERRULED.

**Objection No. 13**

Mr. Hawkins claims that "[i]t is a matter of factual record" that he filed a temporary restraining order in his state-court prosecution "when he could not get any relief from the defendant[s] through the grievance process." He fails to support this claim with any citation to the record, however, and in any case the magistrate judge expressly held that "[a]ssertions of futility do not excuse plaintiff from the exhaustion requirement." ECF No. 68, R&R, at 16. This objection is OVERRULED.

**Objection No. 14**

Mr. Hawkins next complains that the magistrate judge erred by noting in two places that Mr. Hawkins had complained about not being allowed to have a haircut and trim his beard before his criminal trial. This objection provides no plausible ground for error. It is OVERRULED.

**Objection No. 15**

Next, Mr. Hawkins argues that the magistrate judge erred by "trivializ[ing] Plaintiff's excessive force claim" in his recitation of the facts. Mr. Hawkins states various allegations that are "a matter of factual record," though he not once cites to the record in support. Further, Mr. Hawkins does not dispute the facts as stated by the magistrate judge—that Mr. Hawkins had expressed a desire to be transported in more comfortable restraints and that Deputy Warden Norwood had authorized that Mr. Hawkins be transported in behind-the-back, black-box handcuffs. Indeed, Mr.

Hawkins's own recitation of the facts confirms both points: "Plaintiff was transported [under] the intense pain of being black box handcuffed BEHIND his back"; and "Defendant Norwood . . . added handwritten instructions . . . specifically instructing the MDOC transportation officers to apply the black box restraints BEHIND [Plaintiff's] back." ECF No. 72, Objections to R&R, at 20 (internal quotation marks omitted). Instead, Mr. Hawkins appears to argue only that the magistrate judge's factual statement was incomplete. He fails to show how this supposed incompleteness rose to legal error, however. Mr. Hawkins also claims that he has made allegations of an unlawful conspiracy against him and that "these allegations are entitled to [be] accepted as true." This is incorrect, and Magistrate Judge Scoville's R&R correctly rejected such claims. For these reasons, this objection is OVERRULED.

**Objection No. 16**

Mr. Hawkins next objects to the magistrate judge's statement that "Plaintiff was never diagnosed or treated for any injury related to this use of restraints." Mr. Hawkins claims, without citation, that he was in fact diagnosed, that he submitted exhibits to his complaint showing as much, and that any statement to the contrary "is an outright lie." The record seems to disagree, however. The affidavit that Mr. Hawkins submitted with his Amended Complaint (neither the original complaint nor the amendment attach any exhibits) states, under the heading "Black-box Handcuffing Behind Back": "I have never received a medical diagnosis nor medical treatment for the physical injury during the time it first began until now . . . ." ECF No. 9, Aff. in Support, ¶ 4. This objection is OVERRULED.

**Objection No. 17**

Mr. Hawkins next objects that the magistrate judge erred by finding no dispute of fact

regarding whether Mr. Hawkins ever filed grievances against defendants Ferguson, Gardner, Luther, Rutgers, Shreve, Stine, Wolever, or Ingraham regarding his First and Eighth Amendment claims. Mr. Hawkins argues that he did in fact try to send grievances, though "[t]he Defendants have provided the Court only with a partial record of the grievances and grievance appeals that have been filed by Plaintiff." Mr. Hawkins fails to point to a single fact (as opposed to unsupported allegations) supporting this claim, however. Further, Mr. Hawkins does not specifically claim that he did file grievances against any of these defendants. For these reasons, this objection is OVERRULED.

**Objection No. 18**

Mr. Hawkins objects to the magistrate judge's statement that "Plaintiff has enjoyed a more than adequate opportunity to conduct discovery in support of his claims." He points to the request for a nine-month continuance to allow for discovery, which had been placed in the middle of his response to defendants' summary-judgment briefs, *see* ECF No. 58, at 18, and he appears to argue that the court's failure to act on that request denied him an opportunity to conduct discovery. This is incorrect. As the magistrate judge correctly noted, "Discovery has never been stayed in this case." Plaintiff filed his amended complaint in July 2010, and it was served shortly thereafter. Defendants' main summary-judgment brief had been filed on December 10, 2010. The magistrate judge granted Plaintiff an extension of time to file his response and waited almost a year after that response to rule on defendants' motions. The magistrate judge's statement is unequivocally correct: Mr. Hawkins has had more than enough time to conduct discovery here. It appears only that he has not taken advantage of it. This objection is OVERRULED.

**Objection No. 19**

Mr. Hawkins's next objection involves the magistrate judge's sovereign-immunity ruling. He claims that the magistrate judge erred by barring damages claims against all defendants in their official capacities. Instead, Mr. Hawkins claims, "[t]he Eleventh Amendment does not forbid suing state officials for damages in their individual capacities, and for declaratory or injunctive relief." This statement is entirely consistent with the magistrate judge's ruling, however. Mr. Hawkins also argues that the Michigan Attorney General's appearance on behalf of defendants waived the state's sovereign immunity "because the intentional scope of representation was not limited to official capacity only." Defendants have raised sovereign immunity as grounds for dismissal from their first filing in this case, however. They will therefore not be deemed to have waived this defense. The objection is OVERRULED.

**Objection No. 20**

Mr. Hawkins objects to the magistrate judge's *sua sponte* finding that "Plaintiff's claims for injunctive and declaratory relief against the defendants are moot." Though Mr. Hawkins admits that he is no longer an inmate at the Ionia Maximum Correctional Facility ("ICF"), he argues that he could be transferred back at any time and that his claims are "capable of repetition yet evading review," thus falling under an exception to the mootness doctrine. The mere possibility that he could be transferred will not provide an exception to mootness, however, and Mr. Hawkins does not show anything more. Nor can he establish an exception by claiming that prisoners have filed similar complaints in the past and not gotten relief. Even if the court assumed this fact, it would not establish that these claims were in fact meritorious and that the defendants were therefore evading review of their actions. Mr. Hawkins further argues that his claims should go forward because the allegedly illegal acts are not restricted to ICF employees and that Defendants have a "custom" of

transferring prisoners who bring civil claims in order to evade review. Neither Mr. Hawkins's claims nor the evidence on record supports these bare allegations, however. This objection is therefore OVERRULED.

**Objection No. 21**

Mr. Hawkins next objects to the magistrate judge's finding that he never filed grievances against defendants Ferguson, Gardner, Luther, Rutgers, Shreve, Stine, Wolever, or Ingraham. Though this is similar to Objection No. 17, Mr. Hawkins makes somewhat different claims in its support. Here, he argues (1) that Defendants have waived their failure-to-exhaust affirmative defense because ICF "did not have a tamper-proof grievance system," and (2) that Defendants failed to adequately support their defense because they only provided a record of Step-III grievances, not Step-I and Step-II as well. These objections fail. First, Mr. Hawkins fails to show that a "tamper-proof" grievance system is in fact necessary to preserve a defendant's exhaustion defense—a claim that seems unlikely at best. Further, the magistrate judge specifically held that despite any problems he had faced at ICF, "it was incumbent upon [Mr. Hawkins] after his . . . transfer . . . to file grievances corresponding to all the claims he is now asserting." Mr. Hawkins's first objection fails to address this ground and therefore fails. Second, because any grievances must be taken through the Step-III procedure before they are properly exhausted, the court finds that evidence regarding Step-III grievances is sufficient to support the magistrate judge's ruling, at least under the facts here. This objection is therefore OVERRULED.

**Objection No. 22**

Mr. Hawkins next objects that the magistrate judge failed to address his evidence showing that Defendants submitted an "altered and fraudulent document"—that is, a Step-I grievance

12

allegedly filed by Mr. Hawkins. The evidence here appears to show two separate Step-I grievances, filed days apart. This evidence is irrelevant, however. As the magistrate judge found, claims must be pursued through Step III to be fully exhausted. Mr. Hawkins's claimed error here has no effect on the magistrate judge's ruling, and so this objection is OVERRULED.

### Objection No. 23

Here, Mr. Hawkins objects that the applicable grievance policy did not require him to file grievances corresponding to all his prior claims after he was transferred. The magistrate judge did not find otherwise, however. Instead, his ruling was based on the fact that Mr. Hawkins had not filed grievances regarding these claims and the legal principle that "[a]ssertions of futility do not excuse plaintiff from the exhaustion requirement." ECF No. 68, at 16 (citing *Napier v. Laurel Cnty.*, 636 F.3d 218, 224 (6th Cir. 2011)). Even assuming the truth of Mr. Hawkins's claim, both bases for the ruling still stand. This objection is OVERRULED.

### Objection No. 24

Mr. Hawkins next objects to the magistrate judge's alternative grounds for summary judgment. Specifically, he claims that the magistrate judge erred by recommending summary judgment "without any evaluation of Plaintiff's alleged facts construed in his favor and without any discussion of the complete lack of opposing argument from the Defendants." This is incorrect. The magistrate judge considered both Defendants' arguments and the evidence presented by Plaintiff. As discussed above, however, Mr. Hawkins is not entitled to have his unverified complaint taken as an affidavit of fact; therefore, the magistrate judge properly looked to Mr. Hawkins's affidavits and not his bare pleadings as potential support. This objection is therefore OVERRULED.

### Objection Nos. 25–28

In these objections, Mr. Hawkins argues against the magistrate judge's recommended disposition of Defendants' Motions for Summary Judgment. Because the legal and factual bases for these recommendations are sound, however, these objections are OVERRULED.

**Objection No. 29**

Finally, Mr. Hawkins objects that the magistrate judge erred by failing to adjudicate the issues of "personal involvement" and "physical injury" raised by Defendants in their summary-judgment motions. This was not error, however. Because the magistrate judge properly recommended granting Defendants' motions on other grounds, he had no need to reach these issues. This objection is OVERRULED.

### III.   PLAINTIFF'S REMAINING MOTIONS

Along with his objections to the R&R, Mr. Hawkins filed a Motion for Appointment of Counsel (ECF No. 74), a Motion for Extension of Time to File Response[3] (ECF No. 75), a "Motion for a Less Obfuscated Report and Recommendation" (ECF No. 76), and a Motion asking for recusal of Magistrate Judge Scoville (ECF No. 77). Because the court's disposition of the R&R moots these motions, they will be DENIED.

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. The report and recommendation (ECF No. 68) is **ADOPTED**, over objections, as the opinion of this court;

2. Defendants' Motions for Summary Judgment (ECF Nos. 43, 65) are **GRANTED**;

---

[3]   The court notes that Mr. Hawkins had filed a response to Defendants' Motion for Summary Judgment over a year before he filed this motion.

3.	Plaintiff Hawkins's claims are **DISMISSED WITH PREJUDICE**; and

4.	Plaintiff Hawkins's Motion for Appointment of Counsel (ECF No. 74), Motion for Extension of Time to File Response (ECF No. 75), "Motion for a Less Obfuscated Report and Recommendation" (ECF No. 76), and Motion asking for recusal of Magistrate Judge Scoville (ECF No. 77) are **DENIED** as moot.

**IT IS SO ORDERED.**


Date:  May 22, 2012                                               /s/ Paul L. Maloney
                                                                                 Paul L. Maloney
                                                                                 Chief United States District Judge